# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00726-CV

In re Calvin Walling McGowan, Individually and as trustee of the Elizabeth M. Blount 2012 Trust, Trustee of the Jane M. Brigman 2012 Trust, Trustee of the Anne M. Schooler 2012 Trust, and as Executor of the Estate of Calvin B. McGowan, deceased: McGowan Ranch, LLC; Calvin Ogden McGowan, Individually and as Trustee of the Calvin Ogden McGowan 2020 Trust; Cora Caleene M. Kothmann, Individually and as Trustee of the Cora McGowan Kothmann 2020 Trust; Dorothy McGowan DiOrio, Individually and as Trustee of the Dorothy McGowan 2020 Trust; and Rock Base, LLC

## ORIGINAL PROCEEDING FROM TOM GREEN COUNTY

## M E M O R A N D U M   O P I N I O N

Relators Calvin Walling McGowan, individually and as trustee of the Elizabeth M. Blount 2012 Trust, trustee of the Jane M. Brigman 2012 Trust, trustee of the Anne M. Schooler 2012 Trust, and as executor of the Estate of Calvin B. McGowan, deceased; McGowan Ranch, LLC; Calvin Ogden McGowan, individually and as trustee of the Calvin Ogden McGowan 2020 Trust; Cora Caleene M. Kothmann, individually and as trustee of the Cora McGowan Kothmann 2020 Trust; Dorothy McGowan DiOrio, individually and as trustee of the Dorothy McGowan 2020 Trust; and Rock Base, LLC have filed this petition for writ of mandamus seeking relief from the presiding judge's denial of two pleas in abatement and from the consolidation of two lawsuits for purposes of trial. For the reasons explained below, we conditionally grant mandamus relief.

# BACKGROUND

This jurisdictional dispute arises out of a complex, long-running family property dispute. Calvin "Cal" McGowan (Father or Decedent) and Anne Walling McGowan (Mother) owned several pieces of property in Tom Green, Concho, and Menard Counties. They also had four children: Relator Calvin Walling "Wally" McGowan (Wally), and real parties in interest Elizabeth McGowan Blount, Jane McGowan Brigman, and Anne McGowan Schooler (RPIs or the "McGowan Sisters"). Mother passed away in 2002.

In 2012, Father established an irrevocable trust for each of the McGowan Sisters (the "2012 Trusts"), with Wally named as trustee for all of the 2012 Trusts.[1] However, the McGowan Sisters and Wally now dispute what property was placed into the 2012 Trusts. The McGowan Sisters contend that the 2012 Trusts each received an undivided interest in Father's portions of property in Menard County (the "Menard Property") and Concho County (the "Concho Property"). The McGowan Sisters further dispute the partition agreement entered into by Wally, in his capacity as trustee of the 2012 Trusts, that reserved Father an approximately 30% interest in the Menard Property, which they allege was for Wally's own benefit. Wally disputes those contentions, including asserting that none of Father's interest in the Concho Property was transferred to the 2012 Trusts. Regardless, the parties do not appear to dispute that the McGowan Sisters did not learn of the 2012 Trusts until after the probate proceeding was filed in 2016.

Father died in 2016, and his will was admitted to probate in the Tom Green County Court at Law under cause number 16P069L (the Probate Suit). Wally was appointed and

---

[1] Father also contemporaneously established an irrevocable trust for Wally in 2012, but that trust is not involved in the present appeal.

continues to serve as the independent executor of the estate, which remains open and pending. The McGowan Sisters challenged the characterization of Father's interest in two properties, the Concho Property and another property not at issue here, listed on the filed inventory. In January 2018, the county court at law determined that Father separately owned an undivided interest in a portion of the east and west halves of the Concho Property. The McGowan Sisters ultimately brought causes of action in the Probate Suit against Wally in his capacity as the independent executor of Father's Estate, alleging that Wally had breached his fiduciary duties and committed fraud relating to the Concho Property and the Menard Property.

One month after the findings by the county court at law, the McGowan Sisters separately filed suit in the 340th District Court in Tom Green County, cause number C180031C, asserting breach of fiduciary duty and fraud claims against Wally individually and in his capacity as trustee of the 2012 Trusts (the Trust Suit). The party composition changed in subsequent amended petitions, but relevant here, starting in their second amended petition the McGowan Sisters named Wally individually and in his capacity as independent executor of Father's estate (as well as his capacity as trustee of the 2012 Trusts). Moreover, their causes of action are premised on Wally's purportedly improper characterization of the Concho Property as Father's separate property and Wally's entering into the agreed partition of the Menard Property to give Father portions of that property as his sole and separate property. In their most recent live pleading, the McGowan Sisters added the 2020 Trust Parties[2] because of those parties' partial ownership of the disputed Menard Property. The McGowan Sisters also make clear that their

---

[2] Those parties include Calvin Ogden McGowan, individually and as trustee of the Calvin Ogden McGowan 2020 Trust; Cora Caleene M. Kothmann, individually and as trustee of the Cora McGowan Kothmann 2020 Trust; Dorothy McGowan DiOrio, individually and as a trustee of the Dorothy McGowan DiOrio 2020 Trust; and Rock Base, LLC.

claims in the Trust Suit concern the same property at issue in the Probate Suit: the Concho Property and the disputed partition of the Menard Property. Similarly, the McGowan Sisters in the Probate Suit point to Wally's actions as to the Concho Property and Menard Property and assert claims for fraud and constructive fraud premised on Wally's alleged "taking for himself property and income that rightfully belong to the co-owners of the real property." According to the McGowan Sisters, the Probate Suit and Trust Suit "were so intermingled" because of Wally's actions as to the disputed properties.

The McGowan Sisters filed a motion to transfer in the Probate Suit and a motion for consolidation in the Trust Suit, requesting that the presiding judge transfer the Probate Suit to the district court or consolidate the two proceedings in the district court. In those filings, the McGowan Sisters reiterated that "the real property to be distributed in the [Probate Suit] concern[s] the same property at issue in the [Trust Suit]" and that the cases "arise from the characterization of property commonly owned by [Father] and [from] Wally's conduct" as to those properties. In response, Wally filed a plea in abatement in the Trust Suit, originally requesting that the district court abate the portions of the Trust Suit that asserted claims against him in his capacity as executor of the estate. The presiding judge held a joint hearing on all of the motions pending before both courts,[3] and ultimately the presiding judge entered an omnibus order on August 19, 2022, that found "common issues of law, fact and parties in the [Trust] Suit and the Probate Suit" and made the following rulings: (1) denied the McGowan Sisters' motion to consolidate the two lawsuits; (2) denied their motion to transfer contested matters in the Probate Suit to the district court; (3) denied Wally's plea in abatement before the district court;

---

[3] The same senior district judge was appointed to preside over both the Probate Suit and the Trust Suit.

and (4) ordered the Probate Suit and Trust Suit be consolidated for purposes of trial (the "Omnibus Order"). The presiding judge entered this partial consolidation even though, as the McGowan Sisters concede, he left "jurisdiction over the respective cases in the respective Courts."

Contemporaneous with that ruling, Wally filed a second plea in abatement in the Trust Suit, seeking to also abate all claims brought against him individually and in his capacity as trustee of the 2012 Trusts. Wally argued that the Trust Suit should be abated and any claims asserted against him should be litigated in the Probate Suit. After another hearing, the presiding judge denied the second plea in abatement on October 31, 2022.

Relators thereafter sought mandamus relief, contending that the trial court abused its discretion by denying the pleas in abatement and consolidating the Probate Suit and Trust Suit for purposes of trial.

## STANDARD OF REVIEW

Mandamus relief is an extraordinary remedy generally only available when the trial court abuses its discretion and relator has no adequate remedy by appeal. *See In re K&L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36, 138 (Tex. 2004) (orig. proceeding). We analyze dominant jurisdiction issues under a deferential abuse of discretion standard. *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 293 (Tex. 2016) (orig. proceeding). A court "abuses its discretion if it acts without reference to guiding rules and principles such that the ruling is arbitrary or unreasonable." *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020). Although our analysis of factual questions "is more akin to a clear-error standard," the trial court

has no discretion in determining what the law is or applying the law to the facts. *In re J.B. Hunt Transp.*, 492 S.W.3d at 293.

When two pending suits are inherently interrelated, and venue is proper in the court presiding over either suit, "the court in which suit was first filed acquires dominant jurisdiction." *In re Red Dot Bldg. Sys.*, 504 S.W.3d 320, 322–23 (Tex. 2016) (orig. proceeding). "In these circumstances, the general rule is that the court in the second action must abate the suit." *In re Volkswagen Clean Diesel Litig.*, 557 S.W.3d 73, 75 (Tex. App.—Austin 2017, orig. proceeding) (quoting *In re Red Dot*, 504 S.W.3d at 323). This first-filed rule flows from "principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issues." *In re J.B. Hunt Transp.*, 492 S.W.3d at 293–94 (quoting *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988)).

If the trial court in the second action abuses its discretion by not abating the action, no additional showing is required for mandamus relief. *In re Volkswagen Clean Diesel Litig.*, 557 S.W.3d at 75 (citing *In re J.B. Hunt Transp.*, 492 S.W.3d at 294).

## ABUSE OF DISCRETION

Relators contends that the trial court abused its discretion in two ways: (1) denying his pleas in abatement of the Trust Suit because he avers that the county court at law has dominant jurisdiction through the Probate Suit, and (2) consolidating the Trust Suit and Probate Suit for purposes of trial because those proceedings are pending before different courts. Because the dominant jurisdiction issue decides this mandamus action, we begin with that issue.

The parties do not dispute that the Probate Suit was filed first. The question is therefore whether the county court at law acquired dominant jurisdiction and the district court

was required to abate the later-filed Trust Suit. *See In re Red Dot*, 504 S.W.3d at 322–23. Dominant jurisdiction only arises when the two pending lawsuits are "inherently interrelated." *In re J.B. Hunt Transp.*, 492 S.W.3d at 292. Based on the briefing and the record before us, the Probate Suit and the Trust Suit are inherently interrelated (and the parties concede that the suits are interrelated). This is unsurprising, given that the Probate Suit and the Trust Suit are functionally two sides of the same coin: determining whether the same disputed properties—the Concho Property and the Menard Property—should be properly characterized as either trust or estate assets, and the corresponding legal implications of that characterization on Wally's conduct individually and in his capacities as executor and trustee.

The McGowan Sisters contend that the county court at law lacks jurisdiction over the causes of action brought in the Trust Suit because those claims relate to the 2012 Trusts. *See In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (explaining that dominant jurisdiction issues arise when the jurisdiction of two courts is "concurrent"); *cf. In re Red Dot*, 504 S.W.3d at 323 (analyzing whether venue was proper in both courts for purposes of dominant jurisdiction analysis). But those 2012 Trusts were created by the Decedent during his life, and therefore the county court at law in Tom Green County has jurisdiction over the "interpretation and administration of" the 2012 Trusts because they were "created by a decedent whose will has been admitted to probate in the court." *See* Tex. Est. Code § 31.002(b)(2)–(3); *see also id.* §§ 32.001(a), 32.002(b). The McGowan Sisters also complain that the 2020 Trust Parties are not "necessary parties" to the Probate Suit, but "[i]t is not necessary to have identical parties and claims to conclude that the rule of dominant jurisdiction applies." *Comp-E-Ware Tech. Assocs., Inc. v. Mushkin, Inc.*, 629 S.W.3d 549, 555 (Tex. App.—Fort Worth 2021, pet. denied) (citing *In re Volkswagen Clean Diesel Litig.*, 557 S.W.3d at 77). Nor have the McGowan Sisters

demonstrated that those parties could not be added to the Probate Suit. *See In re Volkswagen Clean Diesel Litig.*, 557 S.W.3d at 77; *see also Comp-E-Ware Tech.*, 629 S.W.3d at 555 ("It is sufficient if the claims in the first filed suit may be amended to bring in all necessary and proper parties and issues.").[4]

Finally, the McGowan Sisters contend that the purposes of abatement are satisfied by the presiding judge's consolidation order, citing *In re Houston Northwest Partners, Ltd.*, 98 S.W.3d 777, 780 (Tex. App.—Austin 2003, orig. proceeding). But *Houston Northwest Partners* is inapplicable because it concerns a transfer involving a statutory probate court, which is governed by its own unique statutory provision. *See* Tex. Est. Code § 34.001(a) (transferring involving a statutory probate court). Tom Green County has no statutory probate court, and the purported transfer instead involves a statutory county court at law. *See* Tex. Gov't Code § 25.2281(1). Even assuming *arguendo* that a valid transfer obviates the need for a dominant jurisdiction analysis, there was no valid transfer supporting the consolidation of the Probate Suit and the Trust Suit. Given the evidence in the record and that the presiding judge's Omnibus Order expressly denied the McGowan Sisters' motions to consolidate and transfer, the Probate Suit and the Trust Suit remain two separate proceedings pending before two different courts. *See* Tex. R. Civ. P. 174(a) (authorizing consolidation "[w]hen actions involving a common question of law or fact *are pending before the court*" (emphasis added)); *In re J.V.O.*, No. 04-20-00346-CV,

---

[4] The McGowan Sisters also contend that the inequitable conduct exception applies to estop Wally from asserting dominant jurisdiction here. *See In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding) (explaining that inequitable-conduct exception applies if filer of first suit is "guilty of such inequitable conduct as will estop him from relying on that suit to abate a subsequent proceeding brought by his adversary" (quoting *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974)). But the record reflects that the McGowan Sisters did not raise this argument below, and we therefore do not consider it here. *See In re American Optical Corp.*, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding).

2021 WL 3742678, at \*3 (Tex. App.—San Antonio Aug. 25, 2021, no pet.) (mem. op.) (explaining that "[t]ransfer was a necessary condition precedent to consolidation"). Without a valid transfer of one proceeding to the other court, the presiding judge abused his discretion by consolidating two court proceedings pending before different courts. *See In re J.V.O.*, 2021 WL 3742678, at \*3 (explaining that Rule 174(a) consolidation only applies "when two or more cases are pending before a single court"); *Flores v. Peschel*, 927 S.W.2d 209, 213 (Tex. App.—Corpus Christi–Edinburg 1996, no writ) ("Absent specific authority, a trial court in one county has no power to order a matter pending before the trial court in another county transferred out of the latter court and into the former."); *Goodman v. Summit at W. Rim, Ltd.*, 952 S.W.2d 930, 935 (Tex. App.—Austin 1997, no pet.) (explaining that circuit courts "have held that a court may not transfer a cause in the absence of a statute so authorizing").[5]

In sum, the county court at law acquired dominant jurisdiction when Wally filed the Probate Suit in that court. Based on the choices presented to him, the presiding judge, sitting in the district court, abused his discretion by denying Wally's pleas in abatement and not abating the Trust Suit until the first-filed Probate Suit is resolved. *See In re Volkswagen Clean Diesel Litig.*, 557 S.W.3d at 75.[6] Furthermore, no additional showing of a lack of adequate remedy by appeal is required for mandamus relief when the trial court abuses its discretion by improperly

---

[5] We need not address whether Relators have demonstrated they lack an adequate remedy by appeal when a presiding judge improperly consolidates two proceedings pending before the same judge in two separate courts because Wally has demonstrated entitlement to mandamus relief on the separate dominant jurisdiction issue. *See, e.g., In re Gulf Coast Bus. Dev. Corp.*, 247 S.W.3d 787, 796 (Tex. App.—Dallas 2008, orig. proceeding) (stating that mandamus relief for improper consolidation also requires showing there is no adequate remedy by appeal).

[6] Although the Trust Suit may be abated, we note that the McGowan Sisters aver in their briefing that they can amend their pleadings to add the actions and parties to the Probate Suit if the county court at law has dominant jurisdiction.

denying a plea in abatement. See *In re Red Dot*, 504 S.W.3d at 322; *accord In re Volkswagen Clean Diesel Litig.*, 557 S.W.3d at 77.

## CONCLUSION

We conditionally grant Relators' petition for writ of mandamus and direct the presiding judge to vacate the portion of his August 19, 2022 order and his October 31, 2022 Omnibus Order denying the pleas in abatement filed in the Trust Suit, and to grant Wally's pleas in abatement in the Trust Suit. The writ will issue only if the presiding judge fails to comply.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Filed:   January 11, 2023