# IN THE SUPREME COURT OF TEXAS

No. 15-1007

IN RE RED DOT BUILDING SYSTEM, INC., RELATOR

ON PETITION FOR WRIT OF MANDAMUS

**PER CURIAM**

When two inherently interrelated suits are brought in different counties, the first-filed suit ordinarily acquires dominant jurisdiction and the second-filed suit should be abated. In the pending dispute, Red Dot Building System, Inc. seeks relief by writ of mandamus from trial court orders in the second-filed suit. We conditionally grant relief.

Rigney Construction & Development, LLC was retained by the Brooks County ISD to construct a school in Brooks County. Rigney's principal place of business is in Hidalgo County. Red Dot contracted with Rigney to provide the pre-engineered portion of the school construction project. Red Dot's business office and plant are located in Henderson County. The parties agree on the existence of a contract but disagree on whether Red Dot performed its contractual obligations. Red Dot alleges as follows. Red Dot sent an offer to Rigney consisting of a purchase order and attached scope sheet. Red Dot's offer included the provision of "Red Oxide material" for the fabrication of certain canopies. The parties decided that Red Dot would not provide the Red Oxide material and therefore agreed to reduce the contract price. The parties exchanged contract documents with initialed changes. The final contract consisted of a purchase order and scope sheet

that was signed by both parties, provided a contract price of $355,001, crossed out the earlier, higher price that included the provision of Red Oxide material, and crossed out the earlier reference to provision of Red Oxide material.

Red Dot fabricated the custom material for the pre-engineered building at its plant in Henderson County. A dispute arose as to the scope of the work Red Dot was to perform under the contract. Red Dot sent Rigney an invoice for $149,000. Rigney did not pay this invoice. On January 5, 2015, Red Dot sued Rigney in Henderson County district court for the unpaid invoice.

On February 6, 2015, Rigney sued Red Dot in Hidalgo County county court at law. The Hidalgo County suit concerned the same contract between these parties, and asserted claims of breach of contract, deceptive trade practices, and accord and satisfaction. All of the claims related to the contract with Red Dot. Rigney claimed that Red Dot "breached the contract by failing to provide the scope of work per plans and specifications" and "failing to provide the metal building component in a timely fashion." Rigney alleged that Red Dot engaged in deceptive trade practices in failing to supply the pre-engineered building under the contract's plans and specifications. Rigney also alleged that it "paid Red Dot the remaining balance due on the contract as a full accord and satisfaction."

Red Dot filed a motion to transfer venue, answer, and motion to abate in the Hidalgo County suit. Red Dot asked the court to transfer the suit to Henderson County or abate the suit. On July 27, 2015, the Hidalgo County court denied the motions to transfer and abate.

Rigney filed a motion to transfer, plea in abatement, and answer in the Henderson County suit. Rigney asked the court to transfer the suit to Hidalgo County or abate the suit. The Henderson County court advised the parties by letter that venue in Henderson County was proper and that

2

Henderson County had dominant jurisdiction. The Henderson County court later signed an order denying the motion to transfer and again stating that it had dominant jurisdiction.

Rigney filed an application for an anti-suit injunction in the Hidalgo County case. The court granted a temporary restraining order and later, on December 28, 2015, a temporary injunction that enjoined Red Dot from prosecuting the Henderson County suit and ordered Red Dot to dismiss the Henderson County suit.

Both trial courts set their cases for trial in January 2016. Red Dot requested mandamus relief in the court of appeals, which denied relief. ___ S.W.3d ___. Red Dot then sought mandamus relief in this Court. We stayed proceedings in both trial courts pending our review of the mandamus petition. Red Dot alternatively asks this Court to instruct the Hidalgo County court to transfer its case to Henderson County, or to withdraw its July 27, 2015 and December 28, 2015 orders and abate the Hidalgo County suit.

Insofar as Red Dot asks the Court to order the Hidalgo County court to transfer the case to Henderson County, Red Dot is not entitled to mandamus relief. A trial court should transfer a case if venue is not proper in that court. TEX. CIV. PRAC. & REM. CODE § 15.063(1). But Red Dot does not argue that venue is improper in Hidalgo County. A trial court may also transfer a case where maintenance of the action in that court would work an injustice based on the economic and personal hardships the movant would incur. *Id.* § 15.002(b)(1). Red Dot makes no attempt in this mandamus proceeding to demonstrate such hardships.

We agree with Red Dot, however, that the Hidalgo County court should have abated the suit pending in that court, and that mandamus relief is available to secure this result. In instances where inherently interrelated suits are pending in two counties, and venue is proper in either

3

county, the court in which suit was first filed acquires dominant jurisdiction. *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding); *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 622 (Tex. 2005); *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). In these circumstances, the general rule is that the court in the second action *must* abate the suit. *J.B. Hunt*, 492 S.W.3d at 294; *Wyatt*, 760 S.W.2d at 247. Further, we recently made clear in *J.B. Hunt* that if the court in the second action abuses its discretion by not abating the action, no additional showing is required for mandamus relief. "[A] relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a plea in abatement in a dominant-jurisdiction case." 492 S.W.3d at 299–300.

Applying this law, we begin by noting that suit was filed first in the Henderson County action. The two suits are inherently interrelated in that they involve a dispute between the same two contracting parties over whether Red Dot performed its contractual obligations and is therefore entitled to recover full payment under the contract. Neither party disputes that the two suits are inherently interrelated under the law governing abatement on grounds of dominant jurisdiction.

We next consider whether venue was proper in both counties. Venue is proper "in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE §15.002(a)(1). Texas courts, in making venue determinations in breach-of-contract cases, have considered where the contract was made, performed, and breached. *E.g.*, *Killeen v. Lighthouse Elec. Contractors, L.P.*, 248 S.W.3d 343, 348 (Tex. App.—San Antonio 2007, no pet.) ("Contract claims generally accrue in any county where the contract was formed, where it was to be performed or where it was breached); *S. Cnty. Mut. Ins. Co. v. Ochoa*, 19 S.W.3d 452, 459–60 (Tex. App.—Corpus Christi 2000, no pet.) (citing

4

*Phillio v. Blythe*, 12 Tex. 124, 127–28 (1854)); *Krchnak v. Fulton*, 759 S.W.2d 524, 526 (Tex. App.—Amarillo 1988, writ denied) (citing *Phillio*). Rigney filed suit in Hidalgo County and alleged that venue was proper there because Red Dot solicited the transaction in Hidalgo County, the contract was formed there, and Red Dot has received payment there under the contract. Red Dot did not specifically dispute these venue facts in the Hidalgo County trial court, and those facts should therefore be taken as true. TEX. R. CIV. P. 87(3)(a). Further, in this mandamus proceeding Red Dot does not dispute that Hidalgo County was a proper county for venue purposes.

Venue was also proper in the Henderson County suit, because Red Dot pleaded that the contract was performable in Henderson County and the record shows indisputably that Red Dot's performance under the contract occurred there. The contract at issue was a contract for the sale of custom-made goods, and those goods were fabricated in Henderson County and then shipped from Henderson County to Brooks County, the location of the school Rigney was constructing as prime contractor. The claims by Red Dot against Rigney, and vice versa, are factually dependent on whether Red Dot performed its contractual obligations at its facility in Henderson County.

There are exceptions to the general rule that the first-filed suit acquires dominant jurisdiction. *J.B. Hunt*, 492 S.W.3d at 294; *Wyatt*, 760 S.W.2d at 248. Rigney argues that venue was not proper in Henderson County because Red Dot amended its petition to add the insurance company (the surety) that provided a payment bond on the school construction project. Red Dot also brought a third-party petition against the surety in the Hidalgo County suit. Rigney argues that by statute, TEX. GOV'T CODE § 2253.077, suit against the surety could only be brought in Brooks County where the public work is located. We express no opinion on whether the surety must be dismissed in the Henderson County action. Regardless, Rigney does not show that venue is

5

improper in Henderson County as to the dispute between Red Dot and Rigney. This argument might have merit if the surety were an indispensable party to the dispute between Red Dot and Rigney. *See Wyatt*, 760 S.W.2d at 248; *V.D. Anderson Co. v. Young*, 101 S.W.2d 798, 801 (Tex. 1937) (orig. proceeding); MICHOL O'CONNOR, O'CONNOR'S TEXAS RULES * CIVIL TRIALS 294 (2016) (exceptions to dominant jurisdiction of first court include "[a] party's inability to join necessary parties because it is not feasible or is impossible"). Rigney does not make such a showing. While, absent special circumstances, a surety cannot be sued without also suing its principal, *see* TEX. CIV. PRAC. & REM. CODE § 17.001, TEX. R. CIV. P. 31, Rigney points to no authority for the reverse proposition presented here. Section 17.001(a) is to the contrary, providing that "a principal obligor on a contract may be sued alone."

In sum, the Henderson County court acquired dominant jurisdiction, the Hidalgo County court should have granted Red Dot's plea in abatement and abused its discretion in failing to do so, and Red Dot is entitled to mandamus relief. *See J.B. Hunt*, 492 S.W.3d at 300. Without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we conditionally grant mandamus relief directing the Hidalgo County trial court to vacate the anti-suit injunction and to grant Red Dot's plea in abatement. We are confident the court will comply, and the writ will issue only if it does not.

**OPINION DELIVERED:** December 2, 2016