**REVERSED AND REMANDED; Opinion Filed March 5, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00228-CV

**KEN-DO CONTRACTING, L.P., Appellant**

**V.**

**F.A. BROWN'S CONSTRUCTION, LLC D/B/A BROWN CONSTRUCTION
AND BROWN'S CONCRETE CONSTRUCTION, Appellee**

**On Appeal from the 134th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-13-09249**

## MEMORANDUM OPINION

Before Justices Myers, Schenck, and Carlyle
Opinion by Justice Schenck

Appellant Ken-Do Contracting, L.P. ("Ken-Do") appeals a judgment in favor

of F.A. Brown's Construction, L.L.C. d/b/a Brown Construction and Brown's

Concrete Construction ("Brown"). In its first of eleven issues, Ken-Do asserts the

trial court erred in failing to transfer venue from Dallas County to Ellis County.

Because we conclude the trial court erred in failing to transfer venue to Ellis County,

we reverse the trial court's judgment and remand the case with instructions to

transfer the case to Ellis County. Because all issues are settled in the law, we issue

this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

Ken-Do was the general contractor on a Texas Department of Transportation construction project in Johnson County. In 2012, Ken-Do and Brown entered into a subcontract agreement for Brown to perform concrete work related to the project. Brown subsequently sued Ken-Do in Dallas County for breach of contract. Brown alleged venue was proper in Dallas County because Ken-Do had a principal office in Dallas County.

Ken-Do filed a motion to transfer venue denying it had a principal office in Dallas County and requesting the trial court transfer venue to Ellis County, where it maintained a principal office. Brown filed a response to Ken-Do's motion, supported by the affidavit of its Vice President Thomas Brown. In his affidavit, Thomas Brown stated that Ken-Do had a principal office in Dallas County. To support the allegation, Thomas Brown relied on various documents attached to his affidavit that showed Ken-Do used a Dallas County post office box to conduct business. The trial court denied Ken-Do's motion. Following a jury trial, the trial court rendered judgment in favor of Brown, awarding it damages and fees. Ken-Do appealed that final judgment to this court in *Ken-Do Contracting, L.P. v. F.A. Brown's Constr., L.L.C.*, No. 05-16-00373-CV, 2017 WL 3381105, at *1 (Tex. App.—Dallas Aug. 7, 2017, pet. denied) (mem. op.).

In our prior panel opinion, we reviewed the evidence in the record to determine whether venue was proper in Dallas County as asserted by Brown. *See*

–2–

*id.* at *2. We concluded Brown failed to show venue was proper in Dallas County, and we examined whether there was any probative evidence in the record at that stage to show venue was proper in Ellis County, the county to which Ken-Do sought transfer. *See id.* at *3. We concluded there was no probative evidence in the record to show venue was proper in Ellis County. *See id.* Because neither party had made the necessary venue showing, we reversed the trial court's judgment and remanded the case to the trial court to conduct further proceedings on the issue of venue. *See id.* at *4.

The day following the issuance of our mandate in our prior opinion, the trial court ordered that "this matter is TRANSFERRED to Johnson County, Texas, pursuant to the Court of Appeals, Fifth District of Texas at Dallas's Opinion of August 7, 2017." Brown filed a motion to reconsider in which it argued this Court did not order the trial court to transfer venue to Johnson County or any other county and that venue was proper in Dallas County because the parties' contract was made in Dallas County and Brown performed the contract in part in Dallas County. In support of its motion, Brown submitted an affidavit in which its Vice President described events relating to the contract that occurred in Dallas County. The trial court denied that motion and signed an order dismissing the case for lack of jurisdiction.

Brown petitioned this Court for mandamus relief, which we granted. *See In re F.A. Brown's Constr., LLC*, No. 05-18-00804-CV, 2018 WL 4443281, at *1 (Tex.

–3–

App.—Dallas Sept. 18, 2018, orig. proceeding). In our mandamus opinion, we concluded the trial court acted outside the scope of our mandate and improperly exercised its discretion by failing to conduct further proceedings and ordering transfer to Johnson County. *See id.* We then ordered the trial court to issue an order vacating its order transferring the case to Johnson County and further ordered the trial court to conduct further proceedings on the issue of venue. *See id.* at *4.

After this Court's mandamus opinion issued, Ken-Do filed a supplemental brief in support of its motion to transfer venue, to which it attached the affidavit of Ken Halverson, owner of Ken-Do. The trial court conducted a hearing at which it concluded venue was proper in Dallas County and reinstated the prior jury verdict. Ken-Do filed this appeal.

## DISCUSSION

In its first issue, Ken-Do asserts the trial court erred in failing to transfer venue from Dallas County to Ellis County. Ken-Do argues this Court has already considered and rejected Dallas County as a proper venue in its prior opinion and that none of the additional evidence offered in the additional venue proceedings subsequent to the prior appeal would support a finding that venue was proper in Dallas County. Ken-Do urges Ellis County is proper because it is the county where Ken-Do's principal office is located and where a substantial part of the events or omissions giving rise to the claim occurred.

In our prior panel opinion, we set forth the standard of review we apply to a trial court's venue determination:

> Section 15.064 requires that we consider the entire record, including the trial on the merits, to determine whether venue was or was not proper in the county of suit. TEX. CIV. PRAC. & REM. CODE ANN. § 15.064(b). If there is no probative evidence to show venue was proper in the county of suit, we must then determine whether there is any probative evidence in the record to show venue was proper in the county to which transfer was sought. *Id*; *Ruiz*, 868 S.W.2d at 757. If there is any probative evidence to show venue was proper in that county, we remand with instructions to the trial court to transfer to that county. *Ruiz*, 868 S.W.2d at 757. If there is no probative evidence to show venue was proper in either the county of suit or the county to which transfer was sought, we must remand to the trial court for further proceedings on the venue issue. *Id.*

See *Ken-Do Contracting, L.P.*, 2017 WL 3381105, at *2 (citing *Ruiz v. Connoco*, 868 S.W.2d 752, 757 (Tex. 1993)). Further, when determining venue for a breach of contract claim, we consider where the contract was made, where it was performed, and where it was breached. *See id.* at *3 (citing *In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d 320, 323 (Tex. 2016) (orig. proceeding)).

In our prior panel opinion, we concluded there was no probative evidence in the record that venue was proper in Dallas County. *See id.* Despite this Court's holding, Brown continued to argue in the trial court that venue was proper in Dallas County, claiming Brown performed in part the contract at issue and breaches of the contract occurred in Dallas County. In support of this argument, Brown submitted an affidavit in which its Vice President described events relating to the contract that occurred in Dallas County. In addition to Brown's affidavit, the record contains one

–5–

other piece of evidence submitted after this Court's prior panel opinion: the affidavit of Ken Halverson, owner of Ken-Do, which was attached to Ken-Do's supplemental brief in support of its motion to transfer venue. The trial court considered this evidence and ultimately found venue to be proper in Dallas County despite our earlier opinion in which we concluded there was no evidence in the trial court to show venue was proper in Dallas County. *See id.*

The trial court's final judgment reinstating the jury verdict included its findings on venue as follows:

> After reviewing the pleadings of the parties, reviewing the evidence on file herein and hearing the arguments of counsel the Court finds that [Ken-Do] solicited [Brown] to bid the contract at issue herein in Dallas County, the contract at issue herein was then made and entered into in Dallas County, performed in part in Dallas County and part of [Ken-Do]'s breaches occurred in Dallas County. Therefore, the Court finds Dallas County is a proper venue for this cause and the verdict returned on December 18, 2015 of the 12 duly qualified men and women who were selected and sworn in as the Jury in the cause should be reinstated as the verdict of this Court.

The foregoing findings indicate the trial court found venue was proper in Dallas County because all or a substantial part of the events or omissions giving rise to its claim occurred in Dallas County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(1).

Even assuming without deciding the trial court properly considered Dallas County as a proper venue in light of this Court's prior opinion,[1] we cannot conclude the additional evidence supports a finding that venue is proper in Dallas County.

## I.    *Where the contract was made*

In Thomas Brown's affidavit, he alleged that he "negotiated, agreed to and entered into" the contract at issue at a jobsite in Dallas County with Ken-Do's superintendent.  As Ken-Do points out, this testimony contradicts Thomas Brown's testimony at trial that he signed the contract at Ken-Do's office with Ken-Do's employee Amy Jo Ray.  In Halverson's affidavit, he testified Ken-Do had one office, located in Waxahachie, Ellis County, Texas.  Halverson further averred that Ken-Do's employee Amy Jo Ray worked exclusively in Ken-Do's office and never at a jobsite.

## II.    *Where the contract was performed*

In his affidavit, Thomas Brown further alleged Brown performed the contract in Dallas County at least in part by "[a]cquiring, picking-up and transporting" various components and materials that were part of the contract at issue at locations in Dallas County.  The contract at issue in this case is for Brown to perform concrete

---

[1] Arguably, this Court's prior opinion necessarily and affirmatively established that venue is not proper in Dallas County such that the law of the case doctrine applies to exclude Dallas County as a proper venue in any subsequent proceeding.  As the supreme court has explained, "[b]y narrowing the issues in successive appeals, the law-of-the-case doctrine further seeks to promote efficiency and uniformity in the decision-making process.  Requiring a party to reargue issues previously lost in the court of appeals as a predicate to this Court's review would obviously work at cross-purposes to the doctrine." *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012) (under law-of-the-case doctrine, decision rendered in former appeal of case generally binding in later appeal of same case).

work related to a construction project in Johnson County. More specifically, Brown contracted to furnish all material and necessary equipment and perform all labor necessary to "remov[e] and install[] inlets box culverts and RCP pipe." In *In re Red Dot Building System, Inc.*, the supreme court found that in a breach of contract action involving a contract for the sale of custom-made goods, the performance occurred in the county where the goods were fabricated. *See In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d at 323. In contrast, in this case, the contract specifically stated Brown was to perform concrete services in connection with a project located in Johnson County. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.035(a) (" . . . if a person has contracted to perform an obligation in a particular county, expressly naming the county . . ., suit on or by reason of the obligation may be brought against him . . . in that county . . . .").

III. *Where the contract was breached*

In his affidavit, Thomas Brown also argued Dallas County was where Ken-Do breached the contract, asserting Dallas County was where Ken-Do made verbal changes to the contract by insisting Ken-Do order and pay for materials from vendors located in Dallas County and by then failing to order or pay for materials supplied by a vendor located in Dallas County. At trial, Thomas Brown testified that Ken Halverson insisted the materials be ordered through Ken-Do's office. But the only evidence of where Ken-Do's office is located is (1) the post office box address used by Ken-Do, which we have already concluded is not a business office, *see Ken-Do*

–8–

*Contracting, L.P.*, 2017 WL 3381105, at \*2, (2) Ken-Do's registered office in Waxahachie, Ellis County, and (3) Halverson's affidavit in which he testified Ken-Do's only office was located in Waxahachie, Ellis County, Texas. Thus, even if Thomas Brown's affidavit established Ken-Do's breaches for failure to make payments, those breaches occurred in Ellis County.

We conclude the trial court erred by finding venue proper in Dallas County because there is no probative evidence to support such a finding. Accordingly, we sustain Ken-Do's first issue.

As part of its first issue, Ken-Do argues the trial court should have transferred venue to the county to which Ken-Do sought transfer. We agree. A lawsuit may be brought "in the county of the defendant's principal office of this state, if the defendant is not a natural person." TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(3). Principal office is defined as an office of a corporation "in which the decision makers for the organization within this state conduct the daily affairs of the organization." *Id.* In his affidavit, Halverson states "all business decisions are made in[,] . . . [a]ll orders for materials for projects are placed[,] . . . [and] all materials payments are made out of . . ." Ken-Do's sole office located in Waxahachie, Ellis County. Accordingly, the additional evidence filed by the parties after this Court's prior opinion establishes Ken-Do's principal office is located in Waxahachie, Ellis County, Texas.

## CONCLUSION

Because we conclude there is probative evidence to show venue is proper in Ellis County, the county to which Ken-Do sought transfer, we reverse the trial court's judgment and remand the case with instructions to transfer the case to Ellis County.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

190228F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KEN-DO CONTRACTING, L.P.,
Appellant

No. 05-19-00228-CV      V.

F.A. BROWN'S CONSTRUCTION, LLC
D/B/A BROWN CONSTRUCTION AND
BROWN'S CONCRETE
CONSTRUCTION, Appellee

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-13-09249.
Opinion delivered by Justice Schenck.
Justices Myers and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court with instructions to transfer the case to Ellis County.

It is **ORDERED** that appellant KEN-DO CONTRACTING, L.P. recover its costs of this appeal from appellee F.A. BROWN'S CONSTRUCTION, LLC D/B/A BROWN CONSTRUCTION AND BROWN'S CONCRETE CONSTRUCTION.

Judgment entered this 5th day of March, 2020.