COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name: Ahmed Zidan v. Alexander Zidan, Individually and Derivatively on Behalf of Prime United Petroleum Holding Company, LLC, 211 HWY 332 Kwik Kar, LLC and 401 Legacy Car Wash

Appellate case number: 01-19-00140-CV

Trial court case number: 2018-59233

Trial court: 165th District Court of Harris County

In this interlocutory appeal, appellant appeals the Harris County trial court's denial of a motion to dismiss under the Texas Citizen's Participation Act. *See* TEX. CIV. PRAC. & REM. CODE § 27.008(a). Prior to appellee filing the Harris County suit, appellant first filed a similar suit against appellee in Collin County, Texas. Although the Collin County trial court initially determined that the Harris County suit had dominant jurisdiction, the Fifth District Court of Appeals reversed the Collin County trial court's ruling and held that Collin County has dominant jurisdiction in these proceedings. *See In re Zidan*, No. 05-20-00595-CV, 2020 WL 4001134, at *4–6 (Tex. App.—Dallas July 15, 2020, orig. proceeding). After the court of appeals issued its opinion, the Collin County trial court reinstated the proceedings and the parties have continued to litigate in that court and in the Fifth District Court of Appeals.

Filing a plea in abatement in a later-filed action is the general method for drawing a court's attention to another court's possible dominant jurisdiction. *In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (orig. proceeding); *see also In re Red Dot Bldg. Sys.*, 504 S.W.3d 320, 322 (Tex. 2016); *In re J.B. Hunt*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding). Here, the appellate record reflects that Ahmed filed a plea in abatement, raising dominant jurisdiction in Collin County, on December 28, 2018. The Harris County trial court never ruled on Ahmed's plea in abatement.

In light of the Dallas Court of Appeals' opinion holding that the Collin County trial court has dominant jurisdiction, abatement of this appeal is warranted. We abate this case to allow the proceedings in Collin County to advance, unimpeded by appellee's suit in the Harris County trial court. *See* TEX. R. APP. P. 29.3. Accordingly, this Court sua

sponte **abates** this appeal and **directs** the Clerk of this Court to treat it as a closed case and to remove it from this Court's active docket. This appeal will be reinstated on this Court's active docket once the suit in Collin County has been resolved, including all appeals. This Court will also consider a motion to reinstate filed by either party or a motion to dismiss the appeal.

It is so **ORDERED**.

Judge's signature: _____/s/ Sherry Radack_____

☒ Acting individually ☐ Acting for the Court

Date: ____October 15, 2020_____