

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-21-00123-CV

IN RE SENTRY INSURANCE A MUTUAL COMPANY, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

June 15, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

"Closing time, you don't have to go home but you can't stay here."[1]  Yet, Sentry Insurance a Mutual Company (Sentry) wanted to stay and try its lawsuit in the 251st District Court, Randall County (trial court).  So, it petitioned us to issue a writ of mandamus against the Honorable Ana Estevez, presiding judge of the 251st, directing that court to allow it to proceed.  The trial court had abated Sentry's suit against Donald Bristow, concluding that a "Nolan County lawsuit ha[d] dominant jurisdiction" and "the Nolan County District Court [should be allowed] to act on its dominant jurisdiction."  Those

---

[1] SEMISONIC, *Closing Time, on* FEELING STRANGELY FINE (Seedy Underbelly Studio 1998).

conclusions coupled with the record preclude us from granting Sentry's petition for extraordinary relief.

The record reveals that multiple suits pend in different district courts. Two found fruition in Nolan County. They involve 1) Sentry, 2) Bristow, 3) an agreement settling an earlier worker's compensation claim initiated by Bristow, 4) the obligation of Sentry to pay for Bristow's home care as required by that agreement, and 5) the allegation that Sentry overpaid those expenses. Arguably, the dispute implicating each of those circumstances had origins as far back as 2018. In April of that year, Sentry moved to abate its obligation to send home health care payments to Bristow. The request was filed in Cause No. 17,178 pending in the 32nd Judicial District Court of Nolan County. After the trial court denied the motion, Sentry filed a declaratory action in the same court against Bristow on August 13, 2018. The theme underlying that suit also encompassed the insurer's belief that it had "grossly overpaid for home health care services beyond what [Bristow] ha[d] incurred."

Sentry's August 2018 suit resulted in Bristow pursuing counterclaims. As evinced by the pleadings, underlying those counterclaims were Sentry's effort to cease home health care payments and the legitimacy of that effort.[2] Sentry ultimately filed a non-suit of its action, though the counterclaims remained pending. *See* TEX. R. CIV. P. 162 (stating that a non-suit and ensuing dismissal "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief").

---

[2] As early as November 25, 2019, Bristow complained of Sentry's effort to stop home health care payments. Those complaints and causes of action founded on them were voiced in his third amended answer and counterclaim.

Non-suiting the action did not end Sentry's efforts regarding home health care payments allegedly due Bristow. It filed another suit against him on March 3, 2021, in Randall County.[3] That suit is the one the trial court abated in deference to the dominant jurisdiction of the 32nd District Court. Underlying the Randall County suit is the familiar allegation that the insurer was entitled to a "credit or offset . . . due to the fact that Bristow has been grossly overpaid for home health care services beyond what he has incurred."

"In instances where inherently interrelated suits are pending in two counties, and venue is proper in either county, the court in which suit was first filed acquires dominant jurisdiction." *In re Red Dot Bldg. Sys.*, *Inc.*, 504 S.W.3d 320, 322 (Tex. 2016). "In [those] circumstances, the general rule is that the court in the second action *must* abate the suit." *Id.* And, "if the court in the second action abuses its discretion by not abating the action, no additional showing is required for mandamus relief." *Id.*

Sentry does not suggest that venue of its suit would be improper in Nolan County. Indeed, such an argument would seem disingenuous given that the allegations presented in the Randall County action mirrored those the insurer proffered earlier in Nolan County. Furthermore, the comparability between the parties and allegations underlying both district court actions illustrates that the proceedings are interrelated. Finally, the Nolan County proceedings involving the common parties and claims were initiated long before the Randall County suit.[4]

---

[3] This suit purportedly involved an appeal from an administrative decision denying it relief. That decision was issued by the "Division of Worker's Compensation."

[4] We note Sentry's argument that the interrelated claims in the Nolan County suits were not ripe and, therefore, the legal actions encompassing them could not precede the Randall County action. Sentry's argument is founded on the notion that it could not pursue its demand for overpayment and offset until the Division of Worker's Compensation denied it relief. Assuming that to be of consequence, Sentry nevertheless forgets that the Nolan County actions/counterclaims and the related circumstances upon which they were based were already pending when the Division acted. So, irrespective of how fast Sentry

So, as the song says, its closing time.  Sentry does not have to go home, but it "can't stay" and immediately try its suit in Randall County.  The trial court did not abuse its discretion in abating the Randall County action, and we deny the petition for writ of mandamus.

Brian Quinn
Chief Justice

---

may have rushed to Randall County after the Division's decision, it was not quick enough to precede the Nolan County suits and their interrelated claims.