

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-21-00130-CV
_____

IN RE HUNTER CORP, RELATOR[1]

ORIGINAL PROCEEDING

November 3, 2021

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Relator, Hunter Corp, filed a petition for writ of mandamus challenging the trial court's order denying its plea in abatement. For the reasons explained below, we deny mandamus relief.

Background

Real parties in interest Paul and Victoria Wilkinson entered a contract with "Roger Hunter d/b/a Hunter Corp" ("Hunter") for the construction of a new home. Before any significant work began, but after they had paid a down payment of $63,750 for pre-

---

[1] Relator's name appears as both "Hunter Corp" and "Hunter Corp. in the record." We will use "Hunter Corp," as that is the form used by relator's counsel in this proceeding.

construction expenses, the Wilkinsons decided to terminate their relationship with Hunter. The Wilkinsons sought the return of $55,364.60 of their down payment and filed suit against Hunter when Hunter declined to return the funds. Because counsel for Hunter Corp ("Hunter Corp") had previously made a written demand on the Wilkinsons for payment of $556,000 based on the same contractual dispute, the Wilkinsons anticipated a counterclaim for an amount beyond the jurisdictional limits of the county court, and thus sought to file their petition in district court. However, the clerk struck through the district court designation and assigned the case to the Potter County Court at Law No. 1 as cause number 110099-1-CV. The next day, Hunter Corp filed suit against the Wilkinsons in the 181st District Court in and for Potter County, seeking damages in excess of $250,000. That suit was assigned cause number 110101-B-CV.

The Wilkinsons filed a motion to transfer their action to district court, which was granted. After Hunter alleged that he was an incorrect party, the Wilkinsons added "Roger Hunter Corp d/b/a Hunter Corp" as an additional party to their suit. The Wilkinsons then moved to consolidate their lawsuit with the Hunter Corp lawsuit. Hunter Corp filed a plea in abatement seeking to abate the Wilkinsons' lawsuit based on dominant jurisdiction.

The district court granted the Wilkinsons' motion to consolidate and ordered that the cases proceed under cause number 110099-1-CV, the cause number of the Wilkinsons' suit, with the Wilkinsons as plaintiffs. The court denied Hunter Corp's plea in abatement. Hunter Corp then filed this mandamus proceeding requesting this Court to order the trial court to vacate its order denying Hunter Corp's plea in abatement and grant the plea.

## Mandamus Standard

Mandamus is an extraordinary remedy that is only available in limited circumstances when necessary to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy available by law. *CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding), and *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). The relator bears the burden of proving entitlement to mandamus relief and the burden is a heavy one. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994) (orig. proceeding).

## Analysis

Hunter Corp asserts that this is a dispute over dominant jurisdiction. More pointedly, it argues that it is entitled to have the Wilkinsons' case abated as a matter of law "since the Hunter Corp case bears the oldest time stamp between the two cases of coordinate jurisdiction." Hunter Corp seeks abatement such that "[o]nly one case survives."

When inherently interrelated suits are pending in two counties, and venue is proper in either county, the court in which suit was first filed acquires dominant jurisdiction. *In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d 320, 322 (Tex. 2016) (orig. proceeding). In such circumstances, the general rule is that the court in the second action must abate the suit. *In re J.B. Hunt Transport, Inc.*, 492 S.W.3d 287, 294 (Tex. 2016) (orig. proceeding); *Perry v. Del Rio*, 66 S.W.3d 239, 252 (Tex. 2001) ("As a rule, when cases involving the same subject matter are brought in different courts, the court with the first-filed case has

dominant jurisdiction and should proceed, and the other case should abate."). Dominant jurisdiction is a question of appropriate venue based on principles of comity, convenience, and necessity for an orderly proceeding. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). Filing a plea in abatement is the proper method for drawing a court's attention to another court's possible dominant jurisdiction. *In re Puig*, 351 S.W.3d 301, 305 (Tex. 2011) (per curiam) (orig. proceeding).

The dominant jurisdiction analysis is applicable only when multiple suits are inherently interrelated and venue is proper in each county. *In re Red Dot*, 504 S.W.3d at 322. The first step in the analysis is to address "whether there is an inherent interrelation between the subject matter of the two pending lawsuits that triggers a dominant-jurisdiction question." *In re J.B. Hunt*, 492 S.W.3d at 292. In this case, there is no other trial court "competing" for venue. Both lawsuits, the Wilkinsons' and Hunter Corp's, were pending in the 181st District Court at the time that Hunter Corp filed its plea in abatement. Moreover, there is only one pending lawsuit. Hunter Corp does not attack or seek to set aside the trial court's consolidation order.[2] Consolidation of the two lawsuits extinguished the basis for the motion to abate. Of most significance, the surviving consolidated cause is pending in the 181st District Court, Hunter Corp's choice of venue. *See Gordon v. Jones*, 196 S.W.3d 376, 384 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (doctrine of dominant jurisdiction pertains to venue).

---

[2] Hunter Corp does not contend that it objected to the consolidation, nor does it cite any reference to the record where it objected to the consolidation. Nothing is presented for review regarding any error in consolidating the two cases. *See* TEX. R. APP. P. 52.3(h). Although Hunter Corp asserts that this matter should be characterized as one of "[d]ominant jurisdiction, not consolidation," the dominant jurisdiction analysis cannot be applied in a vacuum; it depends on the facts of the case, which in this instance include transfer and consolidation.

4

A relator must establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a plea in abatement in a dominant jurisdiction case. *In re J.B. Hunt*, 492 S.W.3d at 299-300. Here, the case is proceeding in the court that Hunter Corp asserts has dominant jurisdiction. Due to the consolidation order, there is no other pending case between the parties that could be abated. Given these facts, we cannot conclude that Hunter Corp has met its burden to establish an abuse of discretion by the trial court.

## Conclusion

Finding no abuse of discretion in the denial of Hunter Corp's plea in abatement, we deny the petition for writ of mandamus.

Judy C. Parker
Justice