In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00376-CV

IN RE ASCENDANT HOLDCO, LLC AND DAVID KULKARNI

Original Proceeding
284th District Court of Montgomery County, Texas
Trial Cause No. 24-06-09680-CV

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relators Ascendant Holdco, LLC and David Kulkarni contend the trial court abused its discretion by denying their plea in abatement which asserts a Harris County court – where Ascendant filed suit to establish a lien and for foreclosure – has dominant jurisdiction over a more recent suit in Montgomery County attacking the validity of the lien. The Real Parties in Interest contend the trial court in Montgomery County has exclusive jurisdiction over the lien because it involves homestead property in Montgomery County. Because the claim asserted by the Real Parties in Interest is a compulsory

counterclaim in the Harris County suit, we conclude the trial court abused its discretion by denying Relators' plea in abatement, and we conditionally grant mandamus relief.

## Background

In February 2024, Joseph Kummer sued his former employer, Ascendant, in a Harris County district court alleging breach of his Executive Compensation Agreement with Ascendant. Ascendant filed a counterclaim against Kummer for breach of fiduciary duty, fraudulent misrepresentation, and theft of services under the Theft Liability Act. Ascendant alleges Kummer secretly used the services of Ascendant's employees to oversee the construction of Kummer's home and that he was terminated for cause based on self-dealing, theft of employee time, concealment of cost overruns and delayed completion dates, and reckless inattention to his duties. On June 5, 2024, Ascendant supplemented its counterclaim to allege it had filed an Affidavit of a Constitutional Lien signed by its principal, David Kulkarni, in the real property records of Montgomery County on May 7, 2024. The supplemental counterclaim seeks to foreclose the alleged lien.

On June 20, 2024, Kummer and his wife Kristen filed a lawsuit in Montgomery County against Ascendant and Kulkarni. Asserting the lien is invalid against their Montgomery County homestead, the Kummers seek to remove the lien, declare it invalid and recover damages and attorney fees from Ascendant and

2

Kulkarni under Chapter 12 of the Civil Practice and Remedies Code for allegedly filing a fraudulent lien. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 12.001 *et seq*.

Ascendant and Kulkarni answered the Montgomery County lawsuit, asserting that any claims the Kummers may have regarding the lien or the underlying debt are compulsory counterclaims in the Harris County lawsuit since Ascendant's counterclaim in Harris County already includes claims to recover on the debt and to establish and foreclose on the lien.

In their Montgomery County lawsuit, the Kummers filed a motion to remove the lien on the basis they had already begun occupying the property as their principal residence in November 2023, months before Ascendant filed the constitutional lien affidavit.

Ascendant and Kulkarni filed a Verified Plea in Abatement in the Montgomery County lawsuit. Characterizing the Kummers' attack on Ascendant's alleged constitutional lien as a compulsory counterclaim to the claims already being asserted in Harris County by way of Ascendant's supplemental counterclaim seeking to establish and foreclose on the lien, they argue the Harris County court has dominant jurisdiction over all claims, defenses, and rulings arising from or relating to the lien.

In their response to the plea in abatement, the Kummers assert dominant jurisdiction does not apply because the two lawsuits are not inherently interrelated.

3

The Kummers assert the lien has been discharged of record pursuant to Texas Property Code section 53.157(2) because Ascendant failed to file suit in the county where the property is located and the lien remains as a cloud on the Kummers' title to their homestead. *See* Tex. Prop. Code Ann. § 53.157(2). The Kummers argue Ascendant and Kulkarni failed to carry their burden to demonstrate that venue is proper in both counties, that it is feasible to join Kristen Kummer in the employment lawsuit in Harris County, and that the two lawsuits address the same controversy between the same parties.

Ascendant and Kulkarni filed a reply asserting that the Kummers' challenge to venue must be made in the Harris County lawsuit, not the Montgomery County lawsuit. Ascendant and Kulkarni also filed a response to the Kummers' motion to remove the lien, asserting that section 53.160 does not apply to a constitutional lien and that when the lien was recorded, the Kummers' designated homestead was located in Fort Bend County.

The trial court signed an order denying the plea in abatement, granting the motion to remove the lien, and setting the amount of security necessary to stay the removal of the lien at $175,000. Ascendant and Kulkarni then filed a petition for mandamus in this Court.

4

## Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

"A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). This balancing test is necessarily a fact-specific inquiry that "resists categorization[.]" *Prudential*, 148 S.W.3d at 136. "Permitting a case to proceed in the wrong court necessarily costs private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299 (Tex. 2016) (orig. proceeding)

(internal quotations omitted). "Therefore, a relator need only establish a trial court's abuse of discretion to demonstrate entitlement to mandamus relief with regard to a plea in abatement in a dominant-jurisdiction case." *Id.* at 299-300.

Analysis

The Texas Supreme Court has explained the analytical framework for determining whether dominant jurisdiction requires abatement, as follows:

> When an inherent interrelation of the subject matter exists in two pending lawsuits, a plea in abatement in the second action must be granted. It is not required that the exact issues and all the parties be included in the first action before the second is filed, provided that the claim in the first suit may be amended to bring in all necessary and proper parties and issues. In determining whether an inherent interrelationship exists, courts should be guided by the rule governing persons to be joined if feasible and the compulsory counterclaim rule. *See* Tex. R. Civ. P. 39, 97(a).

*Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988) (citations omitted). More recently the Texas Supreme Court has included a venue element in the analysis. "In instances where inherently interrelated suits are pending in two counties, and venue is proper in either county, the court in which suit was first filed acquires dominant jurisdiction." *In re Red Dot Bldg. Sys.*, 504 S.W.3d 320, 322 (Tex. 2016) (orig. proceeding).

First, we consider whether the Kummers' claims in the Montgomery County case were required to have been brought as compulsory counterclaims in the Harris County case. Texas Rule of Civil Procedure 97(a) provides:

> A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction; provided, however, that a judgment based upon a settlement or compromise of a claim of one party to the transaction or occurrence prior to a disposition on the merits shall not operate as a bar to the continuation or assertion of the claims of any other party to the transaction or occurrence unless the latter has consented in writing that said judgment shall operate as a bar.

Tex. R. Civ. P. 97(a).

Relators argue the Kummers' claims challenging the validity of the lien are logically related to Ascendant's claims for lien establishment and enforcement that were previously filed in Harris County. In response, the Kummers argue, "[E]ven if Relators prevail on the claims in the Employment Case, they will not be entitled to file a lien or foreclosure of a lien against the Kummers' homestead. For this reason, these claims are not interrelated." Rather than explaining how their claims in the Montgomery County case differ from Ascendant's claims in the Harris County case, the Kummers incorrectly focus on the differences between the original subject matter of the Harris County case – an employment dispute between Joseph Kummer and Ascendant – and the lien-related claims subsequently filed by Ascendant in Harris County. The Kummers also argue, "An invalid lien cannot be a compulsory counterclaim—it is invalid." Whether a claim has merit is not a factor when considering whether the claim is interrelated with another claim. Moreover, the

7

question is not whether Ascendant's claims were compulsory counterclaims in the Harris County case, but whether the Kummers were required to have brought their claims as counterclaims in the Harris County case. We conclude that they were, because the Kummers' claims challenging the validity of the lien are logically related to Ascendant's claims for establishment and foreclosure of the lien, all of which arise out of the filing of the constitutional lien affidavit.

Next, we consider whether all persons required to be joined if feasible can be joined in the Harris County case. Texas Rule of Civil Procedure 39 states, in part,

> (a) A person who is subject to service of process shall be joined as a party in the action if
> (1) in his absence complete relief cannot be accorded among those already parties, or
> (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may
> (i) as a practical matter impair or impede his ability to protect that interest or
> (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

In his original petition filed in Harris County, Joseph Kummer alleges that in November 2023 he was terminated without warning and without cause. He alleges his employment agreement defines "cause" in part as "misappropriation of Employer's or any Employer's Affiliate's funds or property or engagement in any

8

act of dishonesty with respect to the same, embezzlement, or fraud[.]" He claims Ascendant breached the Executive Compensation Agreement by failing to pay termination pay since his termination was without cause. In its original counterclaim, Ascendant alleges Kummer's termination had been for cause, in part because he misappropriated Ascendant's resources toward the construction of the Kummers' residence. In its supplemental counterclaim filed in the Harris County suit, Ascendant asserts it holds a constitutional lien on the Kummers' residence and seeks to foreclose the lien and recover the underlying debt. When Ascendant filed its supplemental counterclaim, the lien was not the subject of a pending action. The supplemental counterclaim asserts claims against Joseph Kummer who was already a party to the proceeding in Harris County district court, and although Kristen Kummer is not currently a party in the Harris County case, the Kummers present no reason why she cannot be brought into that case.

Next, we consider whether venue would be proper in both Harris County and Montgomery County. The Kummers argue the Montgomery County district court is the only court of competent jurisdiction to remove the lien and protect their homestead. To support this argument, the Kummers rely upon *Tharp v. Builders FirstSource-Texas Grp. L.P.*, a case in which a subcontractor filed a suit in Tarrant County seeking damages and a judgment foreclosing its alleged mechanic's lien for windows supplied for a home located in Denton County. *See* No. 02-23-00223-CV,

9

2024 WL 123590, at *1 (Tex. App.—Fort Worth Jan. 11, 2024, no pet.) (mem. op.). After the subcontractor obtained an interlocutory default judgment against the contractor, the subcontractor and the homeowners filed competing motions for summary judgment. *Id.* at *2. The homeowners argued the mechanic's lien had been discharged as a matter of law under Property Code section 53.157(2) because the subcontractor filed suit in Tarrant County rather than in Denton County where the home was located. *Id.* The Tarrant County trial court granted the subcontractor's motion for summary judgment, denied the homeowners' motion for summary judgment, awarded foreclosure of the mechanic's lien, and directed that an order of sale issue to sell the Tharp's property. *Id.*

In resolving the issue of statutory construction presented in the appeal in *Tharp*, the appellate court determined that the mechanic's lien had been discharged of record by failing to initiate suit to foreclose the lien in the county in which the property is located. *Id.* at *3. *Tharp* did not present an issue of dominant jurisdiction because only one lawsuit was ever filed. The appellate court rejected the subcontractor's argument that section 53.157(2) operates as a permissive venue statute. *Id.* at *3-4. Comparing section 53.157(2) with section 53.154 which provides that a mechanic's lien may be foreclosed on a judgment of a court of competent jurisdiction, the appellate court reasoned that the general term "court of competent jurisdiction" in section 53.154 necessarily included courts "in the county in which

10

the property is located." *Id*. at \*4. Noting that section 53.157 lists several acts of discharge which cannot be performed by a trial court, the appellate court concluded discharge is not conditioned on a court's approval. *Id*. at \*5. Significant for the case before us, the appellate court in *Tharp* did not hold Tarrant County was an improper venue for a suit to foreclose the lien, instead recognizing that the subcontractor could sue in Tarrant County:

> Thus, read together, these statutes simply require a lienholder to file a foreclosure suit in a "court of competent jurisdiction" located "in the county in which the property is located" by the applicable deadline to avoid having its lien discharged. Alternatively, a lienholder can—like BFS—file suit in a "court of competent jurisdiction" in another county, but by doing so, it runs the risk of having its lien discharged if it cannot obtain a judgment of foreclosure—and successfully foreclose its lien— before the expiration of the time period set forth in Section 53.157(2).

*Tharp*, 2024 WL 123590, at \*4. We agree that section 53.157 does not fix venue in Montgomery County, nor does it deprive the Harris County district court of jurisdiction over the claims related to or arising out of the filing of the constitutional lien affidavit in Montgomery County.

Because Ascendant was the first to file lien-related claims and its claims were filed in the Harris County suit, the Kummers' inherently interrelated claims should also have been filed in the Harris County suit. We conclude the district court in Harris County has dominant jurisdiction.

Lastly, we consider whether Relators are estopped from invoking dominant jurisdiction. "The purpose of this exception is to prevent a first-filer from unjustly

11

claiming dominant jurisdiction in the first court when that priority was obtained through underhanded means." *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 294 (Tex. 2016). Examples of inequitable conduct include filing suit "merely to obtain priority, without a bona fide intention to prosecute the suit," and fraudulently inducing the second-filer to delay filing suit. *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex. 1974).

The Kummers argue Relators should be estopped because they knew or should have known that the lien in question is not valid against the Kummers' homestead. The Kummers argue that if Ascendant prevails on the claims in the Harris County lawsuit, Ascendant will have a judgment but will not be entitled to file a lien or obtain foreclosure of a lien against the Kummers' homestead. This argument goes to the merits of Ascendant's counterclaims which may be resolved in the Harris County court. The Kummers have not established Ascendant has no intention to prosecute its counterclaims in Harris County, nor that Ascendant fraudulently induced the Kummers to delay filing suit. To the contrary, Joseph Kummer was the first to file suit, and he did so in Harris County. Because the Kummers did not establish Relators engaged in underhanded or inequitable conduct such as that described in *Curtis*, we conclude Relators are not estopped from invoking the dominant jurisdiction of the Harris County district court. *See id.* at 267.

Conclusion

Relators' plea in abatement establishes the Harris County and Montgomery County lawsuits are inherently interrelated, and as the first-filed suit the Harris County district court maintains dominant jurisdiction. We conclude that the maintenance of the suit in Montgomery County actively interferes with the dominant jurisdiction of the Harris County district court and that the trial court abused its discretion by denying Relators' plea in abatement. We also conclude Relators lack an adequate remedy by appeal. *See J.B. Hunt Transp., Inc.*, 492 S.W.3d at 299. We are confident that the trial court will vacate its orders of October 14, 2024, and dismiss the Montgomery County lawsuit without prejudice. The writ shall issue only in the event the trial court does not comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on November 12, 2024
Opinion Delivered May 1, 2025

Before Johnson, Wright and Chambers, JJ.

13