**Reversed and Remanded, Petition for Writ of Mandamus Denied, and Opinion filed August 14, 2025.**



In The

# Fifteenth Court of Appeals

---

### NO. 15-25-00023-CV

---

**THE STATE OF TEXAS, Appellant**

**V.**

**NONPARTY PATIENT NO. 1, NONPARTY PATIENT NO. 2, NONPARTY PATIENT NO. 3, NONPARTY PATIENT NO. 4, NONPARTY PATIENT NO. 5, NONPARTY PATIENT NO. 6, NONPARTY PATIENT NO. 7, AND NONPARTY PATIENT NO. 8, NONPARTY PATIENT NO. 9, NONPARTY PATIENT NO. 10, AND NONPARTY PATIENT NO. 11, Appellees**

---

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-25-01823**

**IN RE THE STATE OF TEXAS**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-25-01823**

**OPINION**

The State of Texas appeals the district court's interlocutory order denying its plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8). The State filed its plea to the jurisdiction, asserting sovereign immunity, in response to a petition for protection filed by the appellees. In their petition, the appellees seek protection in Dallas County from discovery subpoenas issued by the State in a separate suit pending in Collin County to which the appellees are not parties. *See* Tex. R. Civ. P. 192.6, 176.6. We conclude that (1) the proceedings on the appellees' petition for protection do not implicate sovereign immunity, and (2) whether the appellees lack standing—an issue that the State raises for the first time on appeal— is not sufficiently developed in the present record but may be cured by repleading or additional evidence.

The State has also separately filed a petition for writ of mandamus, arising from the same proceedings.[1] *See* Tex. R. App. P. 52.8. In its mandamus petition, the State contends that the district court abused its discretion in denying its plea in

---

[1] We consolidate the appeal and the mandamus proceedings solely for the purpose of this opinion.

abatement. In its plea, the State argued the Dallas County district court was required to abate the protection proceedings because the Collin County district court has dominant jurisdiction over the dispute. We conclude that the dominant-jurisdiction doctrine does not apply to the Collin County suit as it relates to the protection proceedings in Dallas County and that, as a result, the Dallas County district court did not abuse its discretion in refusing to abate the protection proceedings.

For these reasons, we conclude that the district court did not err in denying the State's plea to the jurisdiction, but we reverse and remand to afford the appellees an opportunity to cure the jurisdictional defect raised by the State on appeal. We deny the State's petition for writ of mandamus.

## BACKGROUND

In October 2024, the State filed suit in Collin County against Dr. May Lau, claiming that Lau had violated provisions of Senate Bill 14 and the Deceptive Trade Practices Act by providing gender-transition treatments to minors. As part of that suit, on January 16, 2025, the State served subpoenas on two hospitals, Children's Health System of Texas and UT Southwestern Medical Center (the Hospitals). The subpoenas, served in Dallas County, require the Hospitals to produce documents "relating to the care and treatment," including "medical records, billing records, psychiatry notes, and correspondence," of twenty-one patients.[2]

On February 3, 2025, eleven of the twenty one patients (the Nonparty Patients) filed a "petition for motion for protection from discovery subpoenas" in Dallas County (the petition or petition for protection). According to the Nonparty Patients'

---

[2] The subpoenas were accompanied by a protective order, signed by the Collin County district court, designed to "adequately protect individually identifiable health information and other information entitled to be kept confidential."

3

petition, the subpoenas require the production of medical records and other materials that are protected from disclosure under the Rules of Evidence. *See* Tex. R. Evid. 509 (physician-patient privilege), R. 510 (mental health-information privilege). In response, on March 3, 2025, the State filed a plea to the jurisdiction, seeking dismissal of the Dallas County proceedings on the ground that they are barred by sovereign immunity. The State also filed a plea in abatement, asserting that the Collin County court has dominant jurisdiction over the dispute.

On March 6, 2025, immediately before the hearing on the Nonparty Patients' petition for protection, the Dallas County district court denied the State's plea to the jurisdiction and its plea in abatement. The court then proceeded to hear argument on the Nonparty Patients' petition for protection. Before the proceedings on the petition could conclude, however, the State announced in open court that it had filed an interlocutory appeal from the denial of its plea to the jurisdiction, staying the proceedings.[3] *See* Tex. Civ. Prac. & Rem. Code § 51.014(b) (automatic stay).

In its appeal, which we have assigned cause number 15-25-00023-CV, the State contends that the district court erred in denying its plea to the jurisdiction. In its petition for writ of mandamus, which we have assigned cause number 15-25-00039-CV, the State complains that the district court abused its discretion by denying its plea in abatement and by issuing a stay order in violation of the automatic stay. Because jurisdiction is a threshold issue, we first consider the State's interlocutory appeal from the district court's ruling on its plea to the jurisdiction.

---

[3] The record shows that the hearing on the plea to the jurisdiction began at 3:03 p.m. and that the State filed its notice of appeal at 3:52 p.m.

## PLEA TO THE JURISDICTION

### *Standard of Review*

Because whether a court has subject-matter jurisdiction is a question of law, *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 451 (Tex. 2020), we review a trial court's ruling on a plea to the jurisdiction de novo, *Houston Belt & Terminal Ry. Co. v. City of Houston,* 487 S.W.3d 154, 160 (Tex. 2016). Similarly, when our jurisdictional analysis includes issues of statutory construction, we also review these issues de novo. *Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019).

The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). When, as in this case, a plea "challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In determining whether the plaintiff has met that burden, we look to the allegations in the plaintiff's pleadings, accept them as true, and construe them in favor of the plaintiff. *Id.*

Because sovereign immunity implicates a trial court's subject-matter jurisdiction, it is properly raised in a plea to the jurisdiction. *Christ v. Texas Dep't of Transp.*, 664 S.W.3d 82, 86 (Tex. 2023). Moreover, when a plea challenges the pleadings based on sovereign immunity, we must determine if the plaintiff has pleaded facts that, if true, affirmatively demonstrate that sovereign immunity either does not apply or has been waived. *Matzen v. McLane*, 659 S.W.3d 381, 389 (Tex. 2021).

*Sovereign Immunity*

In reviewing the district court's jurisdictional ruling, we first consider whether the proceedings on the Nonparty Patients' petition for protection in Dallas County are barred by sovereign immunity.[4] In its plea to the jurisdiction, the State argued that, by default, it is protected from suit by sovereign immunity and that, in this case, immunity has not been waived, either by its filing suit against Lau or by the Legislature. In response, the Nonparty Patients argued that they are entitled under the Rules of Civil Procedure 176.6 and 192.6 to seek protection from the subpoenas served on the Hospitals and, more specifically, that they are entitled to seek that protection in Dallas County. In short, the Nonparty Patients contend that the proceedings in Dallas County do not implicate sovereign immunity, and

---

[4] On June 9, 2025, after submission of this appeal on oral argument, the State notified this Court by letter that it was "no longer pursuing its sovereign immunity argument," despite the fact that sovereign immunity was the only ground for dismissal raised in its plea to the jurisdiction. According to the letter, the State is now proceeding solely on its alternative argument that the Nonparty Patients lack standing as to some of their requested relief. Although the State acknowledges that it did not raise the issue of standing in its plea or in argument before the district court, it asserts that it may, nevertheless, pursue its appeal on this ground because issues of subject-matter jurisdiction may be raised for the first time on appeal. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (holding that appellate court could consider issue of immunity, which implicates subject-matter jurisdiction, for first time on appeal); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993) (holding that because "[s]ubject matter jurisdiction is never presumed and cannot be waived," issue of standing could be raised for first time on appeal).

We agree that subject matter-jurisdiction cannot be waived and may be raised for the first time on appeal, including sua sponte by the reviewing court. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) ("Not only may a reviewing court assess jurisdiction for the first time on appeal, but all courts bear the affirmative obligation 'to ascertain that subject matter jurisdiction exists regardless of whether the parties have questioned it.'" (*quoting In re United Servs. Auto Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010)). Because the State raised sovereign immunity, which, if correct, would deprive the district court and this Court of subject-matter jurisdiction over the entirety of the protection proceedings, *see Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004), we will consider, as a threshold issue, whether the protection proceedings in Dallas County are barred by sovereign immunity, despite the State's withdrawal of the issue post-argument. We will then turn to the State's newly raised standing argument.

alternatively, that immunity has been waived.

Under Texas Rule of Civil Procedure 205.3, parties may request the production of documents and tangible things from nonparties. Tex. R. Civ. P. 205.3. Rule 205.3 provides that a party may compel discovery from a nonparty by, among other things, serving a notice on the nonparty and all parties pursuant to Rule 205.2 and a subpoena compelling production of documents. *See* Tex. R. Civ. P. 205.3(a). The nonparty must then respond to the subpoena in accordance with Rule 176.6, *see id.* R. 205.3(d), which provides the nonparty, as well as "any other person affected by the subpoena," with an opportunity to make objections to the production and to move for a protective order, *see* Tex. R. Civ. P. 176.6(c)–(e). Specifically, Rule 176.6(e) states:

> (e) *Protective Orders*. A person commanded to appear at a deposition, hearing, or trial, or to produce and permit inspection and copying of designated documents and things, and **any other person affected by the subpoena**, may move for a protective order under Rule 192.6(b)— before the time specified for compliance—**either in the court in which the action is pending or in a district court in the county where the subpoena was served**. The person must serve the motion on all parties in accordance with Rule 21a. A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court. The party requesting the subpoena may seek such an order at any time after the motion for protection is filed.

Tex. R. Civ. P. 176.6(e) (emphasis added). Similarly, Rule 192.6 states:

> (a) *Motion*. A person from whom discovery is sought, and any other person affected by the discovery request, may move within the time permitted for response to the discovery request for an order protecting that person from the discovery sought. . . . A person must comply with

7

a request to the extent protection is not sought unless it is unreasonable under the circumstances to do so before obtaining a ruling on the motion.

Tex. R. Civ. P. 192.6(a).

The State does not dispute that the Nonparty Patients have sufficiently alleged that they are "person[s] affected by the subpoenas" and therefore are entitled to seek protection under Rule 176.6. The State also does not dispute that the court in Dallas County constitutes "a district court in the county where the subpoena was served." Finally, and significantly, the State has conceded that if the Nonparty Patients had instead filed their subpoena challenge in Collin County—the court in which the State's suit is pending—the challenge would not be barred by sovereign immunity. In effect, the State assumes that a motion for protection under Rule 176.6 is a suit to which sovereign immunity applies when it is filed in the "district court in the county where the subpoena was served" and not "the court in which the action is pending." *See* Tex. R. Civ. P. 176.6(e). This assumption, however, is incorrect.

Sovereign immunity generally bars suits against the State and its subdivisions, absent a clear and unambiguous waiver by the Legislature. *Kensington Title-Nevada, LLC v. Texas Dep't of State Health Servs.*, 710 S.W.3d 225, 230 (Tex. 2025); *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009); *see also* Tex. Gov't Code § 311.034. Despite deference to the Legislature regarding waiver of immunity, the judicial branch retains the authority and responsibility to determine whether immunity exists in the first place, and to define its scope. *See Reata Constr. Co. v. City of Dallas*, 197 S.W.3d 371, 375 (Tex. 2006). In determining whether sovereign immunity applies, we consider the nature and purposes of sovereign immunity. *Hidalgo Cnty. Water Improvement Dist. No. 3 v. Hidalgo Cnty. Irrigation Dist. No. 1*, 669 S.W.3d 178, 183 (Tex. 2023). Sovereign immunity is justified as a means of

8

(1) protecting the "public fisc" by preventing tax resources from being diverted to pay litigation costs and money judgments; and (2) preserving the separation of powers and the legislative function of apportioning tax dollars for intended purposes. *Id.* Thus, as a general rule, sovereign immunity does not protect the State from procedural motions or ancillary proceedings that occur within the context of a suit to which immunity does not apply or for which immunity has been waived. *See State v. Naylor*, 466 S.W.3d 783, 792 (Tex. 2015) ("[W]here the Legislature has given no indication to the contrary, the State must abide by the same rules to which private litigants are beholden."); *see also Combs v. Texas Civil Rights Project*, 410 S.W.3d 529, 534 (Tex. App.—Austin 2013, pet. denied) (concluding that Rule 202 petition is not "a suit" and that pre-suit depositions "are not, in wholesale, barred by immunity").

Here, the Nonparty Patients' petition for protection filed in Dallas County seeks to avoid discovery served by the State in its Collin County suit against Lau. The petition for protection does not seek to impose liability on the State, and in the absence of the suit filed by the State in Collin County, the petition for protection would not have been filed. That is, the Nonparty Patients have not asserted a substantive "claim" against the State that would risk the public fisc, or hamper government actions. *See Hidalgo Cnty. Water Improvement Dist. No. 3*, 669 S.W.3d at 183. Instead, the Nonparty Patients seek protection from discovery, albeit in a separate court, in the context of a suit filed by the State. The petition for protection is not, in itself, a "suit" to which sovereign immunity applies.

In sum, the petition for protection does not implicate those interests of the State that sovereign immunity is intended to protect. Consequently, based on the undisputed facts presented in the "petition for motion for protection from discovery subpoenas," we conclude that sovereign immunity does not apply the Nonparty

Patients' subpoena challenge in Dallas County.

### *Standing*

Next, we consider the State's argument that the Nonparty Patients do not have standing to challenge the subpoenas as to the production of medical records for patients they do not represent. Standing is a component of subject-matter jurisdiction, *Teal Trading & Dev., L.P., v. Champee Springs Ranches Prop. Owner's Ass'n*, 593 S.W.3d 324, 338, (Tex. 2020), and "focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome," *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). The standing inquiry begins by determining whether the plaintiff has been personally injured, and the plaintiff must plead facts demonstrating that it has been personally injured. *Heckman,* 369 S.W.3d at 154.

Here, the State points out that the Nonparty Patients represent only eleven of the twenty-one patients about whom documents are sought, but in their petition for protection, the Nonparty Patients request "an order preventing the Hospitals Systems from producing the materials sought in the Subpoenas"—not just the documents pertaining to themselves. As a result, the State reasons, the Nonparty Patients have failed to show they would be personally injured by the production of documents related to the unrepresented patients and that the Nonparty Patients lack standing to the extent they seek protection of the documents pertaining to others. We agree, but that does not end our inquiry into the proper disposition of this appeal.

Because standing implicates subject-matter jurisdiction, it may be raised for the first time on appeal. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). But when the jurisdictional issue is not raised in the trial court, the record may show that a party did not have a fair opportunity to address the

issue "by amending its pleadings or developing the record." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). In those circumstances, we construe the pleadings in favor of the party asserting jurisdiction and, if necessary, review the record for evidence supporting jurisdiction. *Id.* If the existing pleadings or evidence conclusively negate the existence of jurisdiction, the suit should be dismissed. *Id.* "But if the pleadings and record neither demonstrate jurisdiction nor conclusively negate it, then in order to obtain dismissal of the plaintiff's claim [without remand]," the defendant must show "the plaintiff would be unable to show the existence of jurisdiction if the cause were remanded to the trial court and such opportunity afforded." *Id.*; *see RSL Funding LLC v. Pippins*, 499 S.W.3d 423, 429 (Tex. 2016) (concluding in case where standing raised for first time on appeal, that record did not demonstrate "an incurable jurisdictional defect" and that issue could be fully developed and presented to trial court on remand).

The Nonparty Patients assert, and we agree, that they were not afforded an opportunity in the district court to show, either through amending their pleadings or presenting evidence, that the production of documents related to the unrepresented patients would injure them. Because the State did not raise the issue of standing until it filed its appellate brief, the Nonparty Patients did not attempt to amend their pleadings, and the only argument advanced at the hearing on the plea to the jurisdiction concerned sovereign immunity. Any opportunity to present evidence concerning the potential impact on the Nonparty Patients of the discovery requests to the unrepresented parties was cut short by the State's announcement that it had filed an interlocutory appeal and that, as a result, the proceedings were stayed. *See* Tex. Civ. Prac. & Rem. Code § 51.014(b) (automatic stay).

Because the existing pleadings and record do not affirmatively demonstrate the Nonparty Patients' standing as to the documents related to unrepresented

11

patients, a jurisdictional defect exists in the current record. But the existing pleadings and record also do not conclusively negate standing, and we cannot conclude that, if given the opportunity, the Nonparty Patients could not show that the production of the unrepresented patients' documents would personally injure them, directly or indirectly. Finally, even if the Nonparty Patients ultimately fail to demonstrate standing as it relates to the unrepresented patients' documents, they may still proceed on their claims for protection as it relates to their own documents. For these reasons, we decline to render a judgment of dismissal based on the State's assertion that the Nonparty Patients lack standing to seek protection under Rule 176 of materials related to the unrepresented patients. *See RSL Funding LLC*, 499 S.W.3d at 429 (explaining that if "the pleadings and record do not demonstrate an incurable jurisdictional defect, the case will be remanded to the trial court where the plaintiff is entitled to develop the record relating to jurisdiction and to replead").

We conclude that the protection proceedings initiated by the Nonparty Patients in Dallas County are not barred by sovereign immunity, and the trial court did not err in rejecting the State's jurisdictional challenge on this ground. We also conclude, however, that the record is insufficiently developed as to the jurisdictional issue that the State has raised for the first time in this appeal, i.e., whether the Nonparty Patients have standing to seek protection of materials related to the unrepresented patients. Because the record does not show that the Nonparty Patients had a full and fair opportunity in the district court to amend their pleadings and develop the record on this issue, we remand the case to allow the Nonparty Patients an opportunity to cure the jurisdictional defect by repleading or presenting evidence. *See id*.; *see also City of Bertram v. Reinhardt,* No. 03-14-00296-CV, 2015 WL 4899946, at *4 (Tex. App.—Austin Aug. 12, 2015, no pet.) (mem. op.) (concluding that trial court did not err in rejecting jurisdiction challenges raised in trial court, but

12

remanding for opportunity to cure jurisdictional defect raised on appeal).

## PETITION FOR WRIT OF MANDAMUS

We next consider whether the State has met its burden to show that it is entitled to mandamus relief. In two issues, the State contends in its petition for writ of mandamus that the district court abused its discretion by denying its plea in abatement and, separately, by signing a stay order while its interlocutory appeal is pending. We first consider the propriety of the district court's refusal to abate the protection proceedings.

### *Dominant Jurisdiction Law*

Under the dominant-jurisdiction doctrine, when two inherently interrelated suits are brought in different counties, the court in which suit is first filed generally acquires dominant jurisdiction. *In re Red Dot Bldg. Sys., Inc.*, 504 S.W.3d 320, 321 (Tex. 2016) (orig. proceeding); *In re J.B. Hunt Transp., Inc.* 492 S.W.3d 287, 299–300 (Tex. 2016) (orig. proceeding). This first-filed rule flows from "principles of comity, convenience, and the necessity for an orderly procedure in the trial of contested issue." *J.B. Hunt Transp.*, 492 S.W.3d at 293-94. When dominant jurisdiction applies, the general rule is that the court in the second-filed action must abate the suit, and the trial court abuses its discretion if it refuses to do so. *In re Red Dot Bldg. Sys.*, 504 S.W.3d at 322.

To be entitled to mandamus relief, a relator must generally show that the trial court clearly abused its discretion and the relator lacks an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). When a trial court abuses its discretion by failing to abate in a dominant-jurisdiction case, however, a relator is entitled to mandamus relief based

13

solely on that abuse of discretion. *In re Red Dot*, 504 S.W.3d at 322. In other words, if the relator establishes that the trial court abused its discretion in denying a plea in abatement, we presume that the relator lacks an adequate remedy by appeal. *See id.*

### *Plea in Abatement Analysis*

The State argues, based on the doctrine of dominant jurisdiction, that the Dallas County district court abused its discretion in refusing to abate the proceedings on the Nonparty Patients' petition for protection pending resolution of its suit against Lau in Collin County. Specifically, the State contends that the Collin County proceedings and the Dallas County proceedings are inherently interrelated suits and that the suit in Collin County was filed first; therefore, according to the State, the district court in Dallas County was required to abate the suit filed by the Nonparty Patients.

Even assuming without deciding that the protection proceedings in Dallas County constitute a "suit" for purposes of dominant-jurisdiction analysis and that the Collin County suit and the Dallas County "suit" are inherently interrelated, we disagree that abatement of the Dallas County case was required. The Nonparty Patients are not parties to the suit in Collin County, and the procedural mechanism by which they injected themselves into the dispute between the State and Lau was Texas Rule of Civil Procedure 176.6. As previously discussed, under this Rule, the Nonparty Patients, as "person[s] affected by the subpoena" had the option of seeking protection from the subpoenas in either "the court in which the action is pending," i.e. Collin County, or "in a district court in the county where the subpoena was served," i.e. Dallas County. *See* Tex. R. Civ. P. 176.6(e). Under the State's view of dominant jurisdiction, however, a nonparty's choice to seek protection under Rule 176.6 "in a district court in the county where the subpoena was served" would always

be subject to a dominant-jurisdiction challenge.

We interpret Texas's rules of procedure by applying the same rules of construction that govern the interpretation of statutes. *In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 569 (Tex. 2015). That is, we construe a rule of procedure according to its plain meaning, bearing in mind that the rules are to be construed liberally in order to obtain "a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." *Id.* (quoting Tex. R. Civ. P. 1). In addition, we consider the rule as a whole, rather than in isolation, and we must avoid an interpretation that renders any part of the rule meaningless. *See City of Dallas v. TCI West End, Inc.*, 463 S.W.3d 53, 55–56 (Tex. 2015) (explaining that courts should not interpret statute in way that renders part of statute meaningless).

The State does not explain, and we fail to see, how its view of the dominant-jurisdiction doctrine in this case comports with the plain language of Rule 176.6. Because the State's view of dominant jurisdiction renders meaningless that portion of the Rule that allows a "person affected by the subpoena" to challenge the subpoena "in a district court in the county where the subpoena was served," we refuse to adopt it. *See id.* Instead, based on the plain language of Rule 176.6, we conclude that to the extent dominant jurisdiction would otherwise require a "person affected by a subpoena" to seek protection from the subpoena in the county of the underlying suit, Rule 176.6 provides an exception.

Here, there is no dispute that under Rule 176.6, the Nonparty Patients were entitled to seek protection from the State's subpoenas in Dallas County. Consequently, the doctrine of dominant jurisdiction does not apply to the suit in Collin County as it relates to the protection proceedings in Dallas County, and the district court did not abuse its discretion in denying the State's plea in abatement.

15

***Stay Order Analysis***

In its second issue, the State contends that the trial court abused its discretion by signing a stay order on March 6, 2025, after the State had filed its interlocutory appeal, and as a result, violated the automatic stay imposed under Section 51.014 of the Texas Rules of Civil Procedure. *See* Tex. Civ. Prac. & Rem. Code § 51.014(b). Specifically, the stay order purports to stay "any and all production obligations with respect to the State's subpoenas served on [the Hospitals] . . . until the interlocutory appeal reaches a final resolution." We have, in this opinion, disposed of the State's interlocutory appeal, affirming the district court's jurisdiction ruling. Consequently, by its own terms, the stay order is no longer in effect, and the State's challenge to the stay order is moot. *See Heckman*, 369 S.W.3d at 162 (explaining that case becomes moot "when the court's action on the merits cannot affect the parties' rights or interests"); *In re Cornyn*, 27 S.W.3d 327, 333 n.11 (Tex. App.—Houston [1st Dist.] 2000, orig. proceeding) (concluding that challenge to temporary restraining order was rendered moot because temporary order expired and was no longer in effect).

**CONCLUSION**

We conclude that the district court did not err in rejecting the State's plea to the jurisdiction, which was based on sovereign immunity, but that there is a jurisdictional defect based on standing, raised by the State on appeal, which might be cured by the Nonparty Patients if afforded the opportunity to do so. In light of these holdings, we reverse the district court's order and remand for further proceedings consistent with this opinion, including an opportunity for the Nonparty Patients to replead or present additional evidence demonstrating standing. *See* Tex. R. App. P. 43.2(d).

16

Because the State has failed to show that the trial court abused its discretion, we deny the State's petition for writ of mandamus. *See id.* R. 52.8.


/s/ Scott K. Field
Scott K. Field
Justice


Panel consists of Chief Justice Brister and Justices Field and Farris.